E-FILED
Thursday, 06 June, 2019 01:51:13 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PAUL M., | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 3:18-cv-03008-SLD-JEH |
| NANCY BERRYHILL, | ) |
|       Defendant. | ) |

## ORDER

Plaintiff Paul M., who is civilly committed to the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Sexually Violent Persons Commitment Act, 725 ILCS 207/1–99, filed a letter with the Court explaining that he had been awarded Social Security benefits, but had not received any payments. Letter, ECF No. 1. The Court construed it as a challenge to the Commissioner of the Social Security Administration's ("the Commissioner") decision in Paul's administrative proceedings before the agency. July 26, 2018 Text Order. Before the Court are the Commissioner's Motion to Dismiss for Failure to State a Claim or, Alternatively, Motion for Summary Judgment, ECF No. 14, and United States Magistrate Judge Jonathan Hawley's Report and Recommendation, ECF No. 18, which recommends construing the Commissioner's motion as a summary judgment motion and granting it.

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers de novo the portions of the recommended disposition that were properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). If no objection, or only partial

objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Neither party has objected to any portion of Judge Hawley's Report and Recommendation, so the Court reviews it for clear error only. Paul applied for social security benefits in 2007, when he was not committed to Rushville. In 2010, while his social security claim remained pending, he was civilly committed. In 2017, he was awarded benefits for the period from August 2007 to November 2008. But the Social Security Administration informed Paul that it would not pay out his benefits while he remained committed. The Social Security Act precludes payment of past benefits due while an individual is committed to a public institution "pursuant to a finding that the individual is a sexually dangerous person." 42 U.S.C. § 402(x)(1)(A)(iii); *id.* § 404(a)(1)(B)(iii)(I) (disability insurance benefits); *id.* § 1383(b)(8)(A)(i) (supplemental social security income). Judge Hawley concludes that these provisions preclude the Commissioner from paying Paul his past benefits due until he is released from Rushville. Report & Recommendation 6–9. Judge Hawley recommends finding, therefore, that Paul is not entitled to the relief he seeks as a matter of law.

After reviewing the Report and Recommendation, the parties' filings, and the applicable law, the Court finds no clear error. Accordingly, the Report and Recommendation, ECF No. 18, is ADOPTED. The Commissioner's Motion to Dismiss for Failure to State a Claim or, Alternatively, Motion for Summary Judgment, ECF No. 14, construed as a motion for summary judgment, is GRANTED. The Clerk is directed to enter judgment and close the case.

Entered this 6th day of June, 2019.

s/ Sara Darrow  
SARA DARROW  
CHIEF UNITED STATES DISTRICT JUDGE